UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUNLAP HOLLOW LLC, | ) | CASE NO.: 5:23-CV-01485 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | (Resolving Docs. 3, 13, 17) |
| CONN PROPERTIES LLC | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Motion by Plaintiff for a Temporary Restraining Order and Preliminary Injunction. Doc. 3. For the reasons that follow, the motion is DENIED.

**I.  Facts**

This matter is a copyright infringement action involving a custom-built A Frame cabin. Doc. 1, ¶1. Plaintiff Dunlap Hollow LLC is a company that constructs, maintains, and rents luxury cabins located in southern Ohio to tourists. Doc. 1, ¶6. Plaintiff holds a registered copyright in its custom-built A-Frame cabin, the Dunlap. Doc. 1, ¶1. Defendant Conn Properties LLC owns Berlin Woods Treehouses, which offers custom treehouse for rent in Holmes County, Ohio. Doc.14-1. In 2022, Defendant built its own A-Frame cabin, the Skyview, and offered it for rent to tourist. Doc. 14-1, 18.

Plaintiff contends that the Skyview cabin infringes on its copyright for the Dunlap. Doc. 1, ¶3. The TRO motion and Preliminary Injunction was filed on July 31, 2023. Doc. 3. The Court scheduled a hearing to discuss the matter and ordered Defendant to respond to the motion. Doc. 12. On August 8, 2023, Plaintiff moved for expedited discovery. Doc. 13. Defendant opposed the motion and the request for expedited discovery on August 9,

2023. On August 14, 2023, the Court cancelled the previously scheduled hearing in the matter. This Order follows.

II.     **Law and Analysis**

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)).  This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction.  See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998).  "But where there is no likelihood of either success on the merits or irreparable harm, an injunction is unwarranted—regardless of the showing on the other factors." *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors.  *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267-68 (Ohio Ct. App. 2000).

"Federal Rule of Civil Procedure 65, which governs the issues of preliminary injunctions, does not explicitly require the court to conduct an evidentiary hearing before issuing an injunction . . . . [O]ur Rule 65 jurisprudence indicates that a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (collecting authorities). "'[P]reliminary injunctions [may be]

denied without a hearing, despite a request therefor by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.'" *Heid v. Aderholt*, 2022 U.S. Dist. LEXIS 136761, *21-22 (6th Cir. 2022) (citing 11A Wright & Miller, Federal Practice and Procedure: Civil § 2949 (2d ed.) (quoted with approval by *Farnsworth v. Nationstar Morg., LLC*, 569 F. App'x 421, 427 (6th Cir. 2014))). For the reasons set forth below, the Court concludes that a hearing on this issue is not necessary.

### A.   Likelihood of success on the merits

Plaintiff contends that it is likely to succeed on the merits its copyright infringement claim.  The Court now reviews those contentions

"'To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it.'" *Murray Hill Publ'ns., Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (quoting *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003)). In the absence of direct evidence of copying, "a plaintiff may establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." Id. (internal quotations and citations omitted). "It is a constitutional requirement that a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work *that are original*.'" *Kohus*, 328 F.3d at 853 (emphasis added in *Kohus*) (quoting *Feist v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 113 L. Ed. 2d 358, 111 S. Ct. 1282 (1991)).

Plaintiff contends that it has a valid copyright on the Dunlap as an original architectural work.  Doc. 3, p. 5. It contends that the Skyview is substantially similar to its copyrighted work.  Id.  Plaintiff bears the burden to establish the need for the TRO by clear and convincing evidence. *Procter & Gamble Co.*, 140 Ohio App.3d at 267-68. Plaintiff has not provided the Court with a copy of its registered work, detailing exactly

what has been copyrighted and therefore what it claims Defendant has copied. Plaintiff argues that the Court must hold an evidentiary hearing because it cannot determine the similarities without a side-by-side comparison of the floor plans. Doc. 17, p. 5[1]. The Court declines to conduct a hearing on the sole basis that Plaintiff neglected to provide necessary supporting documents to either its complaint or its motion.

### 1. Defendant's Access

Plaintiff contends that it has direct evidence of Defendant copying its work via an email from Defendant to Plaintiff indicating that

> …I began to learn that the A-Frame design was causing concern. I'm writing to apologize for any unintended similarities between our A-Frame design and yours at Dunlap.
> When we decided to add an A-Frame to our Treehouse property, we looked for inspiration on social media and found several designs that we admired, including yours. We sent these photos to our engineer & designer who created a plan that they felt was sufficiently different. We now realize that we could have gone further to make sure that our design was more unique. We did not intend to recreate any A-Frame, including yours, and we regret the frustration that this may have caused.

Doc. 1-3, p. 1. Plaintiff asserts that this is an admission of infringement. However, this is not direct evidence of copying, but rather a professional response to a competitor alleging infringement. Regarding indirect evidence, Plaintiff points out that Defendant admittedly had access to Plaintiff's social media posts. The Court is not convinced at this juncture that access to publicly available social media posts is akin to access of the copyrighted work.

### 2. Substantially Similar

Assuming for purposes of this Order that Plaintiff can establish that Defendant had access to the copyrighted work, Plaintiff has not established by clear and convincing evidence that the Skyview is substantially similar to the Dunlap. Plaintiff urges the Court

---

[1] The Court orally denied Plaintiff's request to file a reply in support of its motion. However, after the Court cancelled the hearing, Plaintiff filed a motion for a hearing on its motion. Plaintiff uses this motion effectively as a reply in support to its motion for preliminary injunction.

to look at the "selection, coordination, or arrangement of" the functional elements to determine that the buildings are substantially similar. Specifically, Plaintiff points to "the arrangement of rooms in a design plan," and the "placement of identical windows in the same location" as protectible elements of its architectural work. Doc. 3, p. 7, quoting *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 302 F.Supp.3d 933, 944 (N.D. Ohio 2018). As noted above, Plaintiff has failed to provide the Court with a copy of the registered work, instead relying on various photos to illustrate the purported similarities.

A cursory review of these photos shows significant differences in the cabins.[2] For example, Ex. B to Plaintiff's complaint shows a side-by-side comparison of the bathrooms. Doc. 1-2, p. 1. The Skyview has a smaller window with a larger shower, and the angles of the ceiling differ.  The bathrooms are similar in style, in that they both include 2x6 subway tiles in modern tones along with round mirrors and floating vanities.  However, this style appears to be on trend with materials readily available at any big box hardware store, thus not original to the Dunlap. Doc. 14-1, ¶32[3].

In Ex. D, Plaintiff attempts to establish that the side decks of the buildings are substantially similar.  Doc. 1-2, p. 3. However, the Skyview appears to have no windows on the side of the building, whereas the Dunlap has at least six. Further, the Skyview appears to have a door to the front porch, whereas the Dunlap has none.  The Skyview has a covered portion of the deck, whereas the Dunlap has none. Significantly, Ex. F compares the front view of the buildings.  Doc. 1-2, p. 5. The Skyview front is completely glass, while the Dunlap only has glass down one side.  The Skyview has a door from the front porch to the side porch where the Dunlap has none.  The differences in the side decks as

---

2 The Court descriptions of the differences and similarities are in layman's terms as they are apparent in the information provided by the parties.
3 Defendant notes that the style of the Skyview bathroom is comparable to a published picture by Home Depot, presented as Ex. J.  Indeed, this supports the Court's conclusion that these on trend design choices are not unique to either the Skyview or the Dunlap.

noted above are visible here as well. Most notably, it is clear from this image that the Skyview is larger than the Dunlap. The angles of the A-frames vary significantly, with the Dunlap being wider and shorter and the Skyview being narrower and taller. Defendant notes that the Skyview is 2,800 square feet while the Dunlap is 1,500 square feet. Doc. 14-1, ¶19. Defendant notes that "[t]he significantly larger size dictated a greater pitch to the roof in Skyview an extensive interior changes to accommodate nearly twice the amount of additional space." Id

In Ex. G, the Skyview has a spiral staircase in the middle of the living space, while the Dunlap does not. Doc. 1-2, p. 6. The kitchens are similar in that they both have green painted cabinets. Again, the Court notes that this color scheme is currently on trend, as exhibited by Defendant's Ex. K, promotional material from paint supplier Benjamin Moore. Doc. 14-1, ¶33. Plaintiff's Ex. K illustrates again the difference in the pitch of the roof from the interior bedroom. Doc. 1-2, p. 10. This non-exhaustive list of obvious differences throughout these exhibits clearly negates Plaintiff's argument that the arrangement of the buildings is substantially similar.

For these reasons, the Court concludes that Plaintiff has not established by clear and convincing evidence that it will likely succeed on the merits. Therefore, this factor weighs against granting Plaintiff's motion.

**B.    Irreparable injury**

Plaintiff relies on the purported presumption that in a copyright action, irreparable harm is presumed once a likelihood of success on the merits has been established. Doc. 3, p. 8, citing *Forry, Inc. v. Neundorfer, Inc*. 837 F.2d 259, 267 (6th Cir. 1988). Defendant asserts that this presumption is no longer valid under Sixth Circuit precedent. Doc. 14, p. 6, citing *ACT, Inc. v. Worldwide Interactive Network, Inc*., 46 F.4th 489, 503 (6th Cir. 2022). Regardless, even if the presumption were an accurate representation of the law, the Court

has concluded that Plaintiff has failed to establish a likelihood of success on the merits. Therefore, the presumption would not apply. Plaintiff has made no other arguments regarding irreparable injury.[4] As such, this factor also weighs against granting the motion.

### III. Conclusion

Finding that Plaintiff has failed to establish a likelihood of success on the merits and irreparable harm, the Court need not consider the remaining factors necessary to warrant injunctive relief. See *Union Home Mortg. Corp*, 31 F.4th at 366. Accordingly, the Court concludes that an injunction is unwarranted, and Plaintiff's motion is DENIED. Doc. 3. Plaintiff's motions for expedited discovery and for a conference/hearing on its motion are DENIED. Docs. 13, 17.

IT IS SO ORDERED.

Date: September 1, 2023                  /s/ *Judge John R. Adams*
                                         JUDGE JOHN R. ADAMS
                                         UNITED STATES DISTRICT COURT

---

[4] Plaintiff asserts in its request for a hearing on its motion for preliminary injunction that it "notes the various forms of irreparable harm it will suffer without a restraining order" in its complaint and its motion. In support, Plaintiff cites to its statement of facts in both the complaint and the motion. The Court will not extrapolate these facts into an argument regarding irreparably injury. Plaintiff bears the burden to establish this factor by clear and convincing evidence. The Court will not create the argument for it.